**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                   No.  25-cr-20290-TLP

TRYMANE ANDERSON,

       Defendant.

**MOTION TO DISMISS INDICTMENT**

The Defendant, Trymane Anderson, by and through undersigned counsel, hereby moves this Court for an order dismissing his case with prejudice pursuant to the Sixth Amendment to the United States Constitution, 18 U.S.C. §3162(a)(1), (the "Speedy Trial Act"), and Fed. R. Crim. P. 48(b).

**I.    INTRODUCTION**

In this case, the government filed a federal criminal complaint against Mr. Anderson on October 14, 2025.  (See Complaint, ECF No. 1 PageID 1.)  The complaint alleged violation of 18 U.S.C. § 922(g)(1) Id.  It is important to note that Mr. Anderson was arrested and placed in federal custody on October 13, 2025.  Mr. Anderson made an initial appearance and was appointed counsel on October 14, 2025.  (See Minute Entry, ECF No. 5, PageID n/a/.)  He was also ordered temporarily detained on that date.  Id.  A detention hearing was held on October 23, 2025, where Mr. Anderson was ordered detained.  (See Order, ECF No. 19, PageID 33-35.)  Mr. Anderson was

subsequently indicted on November 13, 2025.[1]  (See Indictment (Penalty Copy), ECF No. 21, PageID 38-39.)

## II.    **ARGUMENTS AND AUTHORITIES**

The right to a speedy trial is a fundamental right protected by the Sixth Amendment to the United States Constitution.  In United States v. MacDonald, 456 U.S. 1, 8 (1982), the Supreme Court described the Sixth Amendment speedy trial guarantee as "designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges."  For Sixth Amendment purposes, a defendant is "accused" when he is indicted or when he is subject to "'the actual restraints imposed by arrest and holding to answer to a criminal charge.'"  United States v. Mills, 810 F.2d 907, 909 (9th Cir. 1987) (quoting United States v. Marion, 404 U.S. 307, 320 (1971)); see also Brown v. Romanowski, 845 F.3d 703, 712 (6th Cir. 2017) (citing Marion, 404 U.S. at 320).

18 U.S.C. § 3161 provides for specific time limits in which federal criminal cases are to be prosecuted and brought to trial.  Section 3161 also provides for specific periods of time which are excludable periods of delay.  More specifically, 18 U.S.C. § 3161(c)(1) requires dismissal of a criminal case, with or without prejudice, if the defendant is not tried seventy days after his indictment or the date he first appears in court, whichever date last occurs:

---

1 The Indictment is signed by the grand jury foreperson and dated for November 6, 2025. However, counsel for the United States advised defense counsel that the Indictment was actually returned on November 13, 2025.  Also, the Indictment is signed by Mr. D. Michael Dunavant on November 10, 2025, which is three days before the Indictment was actually returned by the grand jury.  This Motion will also seek to have the indictment dismissed due to these defects; this argument is found later in this filing.

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs . . .

18 U.S.C. § 3161(c).

The purpose of the speedy-trial guarantee is to protect the accused against oppressive pre-trial incarceration, the anxiety and concern due to unresolved criminal charges, and the risk that evidence will be lost, or memories diminished. Doggett v. United States, 505 U.S. 647, 654 (1992); Barker v. Wingo, 407 U.S. 514, 532–33 (1972). In Barker, the Supreme Court established a four-factor test for determining whether a defendant has been denied the constitutionally guaranteed right to a speedy trial. Barker held that a court must consider: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. Barker, 407 U.S. at 530. These factors are interrelated and no one factor is determinative. Id. at 533.

### (1)	The delay was lengthy.

"The first factor, length of the delay, is a triggering mechanism." United States v. Brown, 498 F.3d 523, 530 (6th Cir. 2007). A delay that approaches one year is presumptively prejudicial and "marks the point at which courts deem the delay unreasonable enough to trigger the Barker inquiry." Doggett, 505 U.S. at 652, n.1. While admittedly not as lengthy of a delay as the Court has likely seen, the delay resulted in the indictment being returned outside of the thirty-day deadline listed in 18 U.S.C. § 3161. The remainder of the Barker factors must now be considered.

### (2)	There is no good reason for the delay.

In assessing this second factor, courts consider who is most at fault—the government or the defendant. United States v. Schreane, 331 F.3d 548, 553-54 (6th Cir. 2003). "Governmental

delays motivated by bad faith, harassment or attempts to seek a tactical advantage weigh heavily against the government." Id. at 553.  Negligence and unexplained delay also weigh against the government, only not as strongly, "'but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.'"  Id. at 554 (quoting Barker, 407 U.S. at 531).  The government bears the burden of explaining the cause of the delay.  See United States v. Brown, 169 F.3d 344, 349 (6th Cir. 1999).

Mr. Anderson knows of no good reason for the delay in his case.  This factor should weigh in his favor.

**(3)    Mr. Anderson asserts his right to a speedy trial.**

By this motion, Mr. Anderson is asserting his Sixth Amendment right to a speedy trial.

**(4)    The delay has prejudiced Mr. Anderson.**

The delay has caused Mr. Anderson to suffer substantial impairment of liberty and a disruption of life.  He has been detained for nearly four months and the prolonged presence of unresolved serious and socially stigmatizing criminal charges has caused him great anxiety.

18 U.S.C. § 3161 provides specific time limits in which a federal defendant's case must be prosecuted.  Defendant submits this case is an ostensibly clear example of non-compliance with the Act.  Further, in considering the factors under 18 U.S.C. §3162(a)(1), it is clear that the seriousness of the offense, the facts and circumstances of the case which have led to the dismissal, and the impact of a re-prosecution on the administration of this chapter and on the administration of justice, clearly weigh heavily in favor of dismissal with prejudice in this case.  Defendant submits that the delay is not excludable and requires the dismissal of this case with prejudice.  Furthermore, any claim the government may make that the defendant had an opportunity to bring

4

this matter to the Court's attention is not relevant.  The accused is under no obligation to bring this delay to even the Court's attention.  See *United States v. Moss, 217 F.3d 426 (6th Cir. 2000).*

The defense also seeks to have the indictment dismissed due to defects on the face.  In part, Fed. R. Crim. Pro. 7(c) discusses the format of an indictment:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government.

Fed. R. Crim. Pro. 7(c).  The primary purpose of this requirement is to indicate that an attorney for the government joins with the grand jury in instituting a criminal proceeding. United States v. Wright, 365 F.2d 135, 137 (7th Cir. 1966).

The indictment in this case is defective for two main reasons.  First, the date that it was signed by the grand jury foreperson (November 6, 2025) is not the date on which the case was actually heard by the grand jury (November 13, 2025).  The grand jury could not have heard the case as alleged by the Government.

Second, United States Attorney Dunavant signed the indictment on November 10, 2025, before it had even been returned by the grand jury.  Mr. Dunavant should have signed the indictment only after it had been returned by the grand jury to indicate his approval of the grand jury's decision to return the indictment against Mr. Anderson.

## III.    CONCLUSION

Mr. Anderson requests that the Court dismiss the charges in the indictment with prejudice, as a result of violations of the Speedy Trial Act, the Sixth Amendment, and Fed. R. Crim. P. 48(b). The delay in this case has resulted from government inactivity which cannot be excused on any

legitimate grounds.  The counts in the indictment that were specifically raised in the complaint,

should therefore be dismissed with prejudice.

Respectfully submitted,

TYRONE J. PAYLOR
FEDERAL DEFENDER

s/ Greg Gookin
Greg Gookin, TN BPR #023649
Assistant Federal Defender
200 Jefferson Avenue, Suite 200
Memphis, TN 38103
(901) 544-3895

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Motion to Dismiss For Violation of the Speedy Trail Act was forwarded by electronic means via the Court's electronic filing system to Mr. Scott Smith, Assistant U.S. Attorney, 167 N. Main, Suite 800, Memphis, TN 38103, this 26th day of January, 2026.

s/ Greg Gookin
Greg Gookin
Assistant Federal Defender

6