### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:25-cr-20290-TLP |
| v. | ) | |
| | ) | |
| TRYMANE ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ON MOTION TO DISMISS INDICTMENT

The Speedy Trial Act ("the Act") sets straightforward deadlines for criminal prosecutions in federal court.  The Act requires that—subject to any applicable extension under 18 U.S.C. § 3161(h)—"[a]ny information or indictment charging an individual with the commission of an offense *shall* be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."  18 U.S.C. § 3161(b) (emphasis added).  And the Act sets a clear remedy for what happens when the Government fails charge a defendant timely—within the 30-day period—under § 3161(b): "such charges against that individual . . . *shall* be dismissed or otherwise dropped."  *Id.* at § 3162(a)(1) (emphasis added).

The parties agree that the federal grand jury returned an indictment against Defendant 31 days after his arrest.[1]  And the Government has not argued that any days are excludable under § 3161(h).  *See United States v. Mubarak*, No. 2:21-cr-227, 2022 WL 19241, at *1 (S.D. Ohio Jan.

---

[1] The grand jury's foreperson's signature is dated November 6, 2025 but the Government acknowledges that the date was a typographical error and that the grand jury returned the indictment on November 13, 2025.  (ECF No. 36 at PageID 64–65.)

3, 2022). Because of that, the result is clear. The Court must dismiss the case, so the only question is whether to dismiss *with* or *without prejudice*. *See United States v. Gross*, 432 F. App'x 490, 493 (6th Cir. 2011) (citations omitted) ("Turning to the merits, it is undisputed that a violation of the [Speedy Trial] Act occurred with the original complaint. The only question before the district court was whether the required dismissal should be with or without prejudice.").

The Act provides three factors for the Court to consider when determining whether to dismiss with or without prejudice: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Gross*, 432 F. App'x at 493 (quoting 18 U.S.C. 3162(a)(1)). The Court now turns to those factors.

The offenses here are serious. The Government alleges here that Defendant—a felon— possessed a gun while serving a sentence of probation. And he allegedly admitted that he smokes methamphetamine. The seriousness of these offenses support dismissal *without* prejudice. *See, e.g.*, *United States v. Moss*, 217 F.3d 426, 431 (6th Cir. 2000) ("This circuit has categorically labeled drug offenses as serious.").

Turning to facts, the Government contends that the single-day delay resulted from its own counting error. (ECF No. 36 at PageID 36.) And the record does not indicate prosecutorial misconduct or bad faith. So these facts also favor dismissal *without* prejudice. *See Gross*, 432 F. App'x at 493 (affirming dismissal with prejudice because the "government's failure to obtain a timely indictment was not 'excessively protracted' and was the result of a mistake or oversight rather than bad faith or an attempt to gain a tactical advantage").

That leaves the effect of bringing these charges again on the administration of justice. The main considerations for this factor are whether Defendant suffered actual prejudice from the delay and whether the Government engaged in such misconduct that requires deterrence. *See id.* at PageID 494 (citing *United States v. Robinson*, 389 F.3d 582, 589 (6th Cir. 2004)). To the second point—the Court has already found that the Government did not engage in intentional misconduct here. As to prejudice, Defendant notes that he has been detained for about four months and these criminal charges have caused him "great anxiety." (ECF No. 35 at PageID 60.) But the Court finds that while the case has been pending, counsel for Defendant obtained discovery from the Government and has been able to go over that with his client. (ECF Nos. 27, 31, 34.) The Court also set a trial date in May 2026. And at the request of defense counsel, the Court excluded the time under the Speedy Trial Act from December 10, 2025, through May 22, 2026. (ECF Nos. 29, 30.) As a result, the single-day delay under § 3161(b) has not prejudiced Defendant very much. The Court finds that this factor similarly favors dismissal *without* prejudice.

At bottom, the Government violated § 3161(b) by a single day. And the plain language of § 3162(a)(1) provides the Court with little choice but to dismiss the case. But the Government's mistake does not warrant dismissal with prejudice.

For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** the indictment **WITHOUT PREJUDICE**.[2] *See* 18 U.S.C. § 3161(d)(1) (permitting the Government to refile an indictment so long as the statute of limitations on the underlying offenses has not run).

---

[2] Should the federal grand jury return a new indictment charging Defendant, the Court will hold the trial date of May 18, 2026.

**SO ORDERED**, this 10th day of February, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE